FILED

JAN 18 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10056 |
| Plaintiff - Appellee, | D.C. No. 2:05-cr-00087-PMP-LRL-2 |
| v. | |
| GUIDO BRAVATTI, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted January 10, 2011
San Francisco, California

Before: HUG, SCHROEDER, and RAWLINSON, Circuit Judges.

Guido Bravatti ("defendant") was convicted by a jury of one count of

conspiracy to distribute five grams or more of methamphetamine in violation of 21

U.S.C. § 841(a)(1) and § 846 and one count of distribution of five grams or more

of methamphetamine in violation of 21 U.S.C. § 841(a). He appeals arguing that

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

the district court erred in admitting the methamphetamine and an analysis of it and that he was entrapped by the authorities. We have jurisdiction under 28 U.S.C. § 1291. We review the admission of evidence for abuse of discretion. *United States v. Alvarez*, 358 F.3d 1194, 1205 (9th Cir. 2004). We review de novo an alleged violation of the Confrontation Clause. *United States v. Norwood*, 603 F.3d 1063, 1067 (9th Cir. 2010). We affirm.

The district court did not abuse its discretion in determining that the methamphetamine was authenticated because there was a reasonable probability based on the testimony of three witnesses that the methamphetamine had not been materially altered. *See Gallego v. United States*, 276 F.2d 914, 917 (9th Cir. 1960). Because the chain of custody was established by live testimony and not out-of-court statements, defendant fails to show a Confrontation Clause violation.

Defendant fails to show that no reasonable jury could conclude that the government disproved the elements of the entrapment defense. Because there is no evidence that Stephen Corso induced defendant to sell narcotics or that defendant was reluctant to sell narcotics, a reasonable jury could find that the government disproved the entrapment defense. *See United States v. Skarie*, 971 F.2d 317, 320 (9th Cir. 1992); *United States v. Simas*, 937 F.2d 459, 462 (9th Cir. 1991).

AFFIRMED.